The judgment of the court was pronounced by
Preston, J.
The plaintiff, being the widow and administratrix of the estate of Z. Andrews, has instituted this suit to set aside a sale of four hundred and thirty one shares of the capital stock of the late City Bank of New Orleans, made on the 29th of May, 1848.
*738 The stock was owned by Z. Andrews, and was pledged to the bank to secure a l°an $21,550, made to Z. Andrews on the 23d of February, 1848, and a further Joan to Andrews and Brother of $15,000 on the 27th of March, 1848.
The sale was made by virtue of two orders of seizure and sale issued by the Fourth District Court on the acts of pledge. One was issued on the 27th of April, 1848, and the other on the 3d of May, 1848; and, as stated, the sale was made on the 29th of May, 1848, for $33,618, or $78 a share.
On the 29th of April, 1848, a petition was presented to the Fifth District Court by E. B. Harris, stating that Z. Andrews died about the 22d of that month, and praying for letters of administration on his estate.
On the 3d of May, the plaintiff, his widow, filed an opposition stating the death of her husband, and claiming the administration. On the 17th of May she was appointed, and letters as administratrix were delivered to her on the 31st of July, 1848, and she has since administered the estate.
We are satisfied, that Andrews died as alleged, and that his succession was properly opened in the Fifth District Court on the 27th of April, 1848. No person was authorized to represent his estate during the executory proceedings, in virtue of which his stock was sold. The sale was, therefore, not binding upon- his succession, and his administratrix has a right to set it aside.
There was no service of the notice of seizure upon Andrews, or at his place of ordinary residence, as required by articles 654, 735, 745 of the Code of Practice; so that he would not have been bound by the sale even if he had been living.
The district judge annulled the sale on other grounds, the force of which we do not see ; but for those stated by us we think the sale ought to be annulled.
It is therefore decreed, that the judgment of the district court be affirmed, with costs.